## WOODS' ADM'RS v. BROWN.

1. Where the counsel for both parties agree that an exception taken at the trial shall be examined after the adjournment of the Court, and the bill of exceptions then sealed and allowed, this is not a failure or refusal of the Judge, within the act of 1826, so as to warrant the Supreme Court to allow the exceptions.

AFTER the bill of exceptions was stricken from the record, a motion was submitted on behalf of the plaintiffs in error, to file it as the exceptions taken at the trial, and to proceed with the cause in the same manner as if it had been certified by the Judge who tried the cause. In support of the motion, the certificate appended to the bill, which has already been stated *supra* 563, was read as evidence, in addition to an affidavit of one of the counsel, setting out the same facts substantially.

HOPKINS and EDWARDS, in support of the motion, insisted that the facts disclosed seemed to present a case directly within the act of 1826. [Clay's Digest, 307, § 5.]

G. W. GAYLE, contra, argued, there could be no failure when the Judge actually had sealed and allowed the exceptions. The

facts shew only that the bill was sealed and allowed at a time when the Court had no power whatever to act.

GOLDTHWAITE, J.—My own opinion is, that the act of 1826, in one of its aspects, was intended to cover precisely such a case as this. It provides for the failure of the Judge, as well as for his refusal to certify an exception; but it does not follow that a failure must be established in the same manner as a refusal. I can conceive of no case of failure, except the single instance of the death of the presiding Judge, in which the act of 1826 can afford relief, if it is denied in this case. But in this opinion I stand alone; the other members of the Court consider the case merely one of great hardship under the circumstances, as every thing was conducted with perfect fairness and good faith. In their judgment there is nothing in the case, as presented, which shows any failure or refusal on the part of the Judge, and therefore that it is not within the intent or meaning of the act. Motion refused.